[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Julie Rivera, has filed a single count revised complaint sounding in negligence against the defendant, Yale Inns, Inc. The plaintiff alleges that on September 28, 1993, she was a business invitee residing in a motel owned by the defendant. The plaintiff further alleges that "while in her room, the [p]laintiff was caused to be stuck in her right hand by a hypodermic syringe, which was negligently or carelessly discarded or otherwise was caused to be discarded by a member of the [defendant] cleaning staff or others." The plaintiff claims that her injuries consist, inter alia, of anxiety symptoms, fear, mental anguish caused by her belief that she may have contracted diseases that are transmitted via contaminated syringes including but not limited to AIDS and hepatitis, the need to take antidepressant drugs, and that she has been caused and will in the future be caused to undergo blood tests to determine whether she has contracted any blood borne disease.
The defendant has moved to strike the plaintiff's complaint on the ground that "[t]he revised complaint is legally insufficient in that the plaintiff, Rivera, failed to allege that the syringe with which she allegedly came into contact was contaminated and that she had tested positive for any blood borne diseases including HIV or AIDS within six months from the alleged incident." CT Page 8826
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 91 (1985). A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992). "If facts provable in a complaint would support a cause of action, the motion to strike must be denied." Id., 496. "The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant moves to strike the revised complaint on the ground that it is legally insufficient in that it fails to allege that the syringe was contaminated and that it fails to allege that the plaintiff tested positive for any blood borne diseases, including AIDS or hepatitis, within six months from the alleged incident. The defendant, relying upon Barrett v. DanburyHospital, 11 Conn. L. Rptr. 182 (March 3, 1994, Moraghan, J.), contends that the following two-part test is to be applied in AIDS phobia cases: (1) that the plaintiff has been exposed to a disease causing agent and (2) that the plaintiff has tested positive for HIV within six months of the alleged exposure.
It is not necessary for the court to engage in a discussion of the merits of the decision of the trial court in Barrett, which case is now on appeal. In that case the court was considering a motion for summary judgment. The instant case involves a motion to strike based on a claim that the complaint fails to allege a claim upon which relief can be granted.
In this case one of the plaintiff's claims of injury is that as a result of the negligence of the defendant she was stuck by a hypodermic syringe and has been and will in the future be caused to undergo blood tests to determine whether she has contracted a blood borne disease. This is clearly an allegation of a claim upon which relief can be granted.
The motion to strike the complaint is denied.
William L. Hadden, Jr., Judge CT Page 8827